**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARGARITA M. AGUDELO,**

          **Plaintiff,**

**-vs-**                                                        **Case No. 6:10-cv-682-Orl-28DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

          **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for a period of disability, disability insurance benefits, and Supplemental Security Income. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

# Procedural History

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act (the "Act") and for Supplemental Security Income under Title XVI of the Act on March 16, 2007, alleging an onset date of December 26, 2005 (R. 109-120). Her applications were denied initially and on reconsideration, and Plaintiff requested and received an administrative hearing before an Administrative Law Judge ("the ALJ") (R. 82, 88, 92, 94, 25-50). The ALJ issued an unfavorable decision on September 24, 2009 (R. 8-22) and the Appeals Council denied Plaintiff's request for review (R. 1-7), making the ALJ's determination the final decision of the Commissioner. This Complaint followed, and the District Judge referred the matter to the undersigned United States Magistrate Judge. The issues have been briefed and the matter is now ripe for resolution.

## Nature of Claimed Disability

Plaintiff claims to be disabled due to fibromyalgia, arthritis, "thyroid," high blood pressure, depression, and "disc proble[ms]" (R. 137).

*Summary of Evidence Before the ALJ*

Plaintiff was 52 years old at the time the ALJ issued her decision, with a tenth grade education and past relevant work experience as an assembly line worker, restaurant worker, cleaner, and magazine distributor (R. 109, 142, 30-34, 138-39, 164-171). Plaintiff reported that she spoke Spanish, and could read and understand English, but could not speak it (R. 26, 136).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of treating providers within the pertinent time period, the record includes the opinions of non-examining state agency consultants, the forms and reports completed by Plaintiff with respect to this claim, as well as the testimony of Plaintiff at the hearings and the testimony of a Vocational Expert ("the VE"). By way of summary, the ALJ found Plaintiff had the "severe" impairments of degenerative disc disease; fibromyalgia; hypothyroidism; and obesity and the "non-severe" impairment of affective disorder/major depression (R. 13), and the medical record supports this uncontested finding. The ALJ determined that Plaintiff's impairments did not meet or medically equal one of the impairments listed in the Listing of Impairments (the Listings), 20 C.F.R. pt. 404, subpt. P, app. 1 (2009), and determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, with additional restrictions (R. 16-21). Relying on the testimony of the VE, the ALJ determined that Plaintiff could return to her past relevant work as a magazine distributor; therefore, the ALJ found Plaintiff not disabled through the date of the decision (R. 21).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

In her brief, Plaintiff contends that the ALJ erred in 1) "improperly determining that the claimant could perform her past relevant work (PRW) as a 'magazine distributor' (DOT[1] #239.567-010) when this DOT# - as incorrectly provided by the VE - is actually for another position ('office helper') and the correct DOT# for a 'magazine distributor' is #230.687-010;" and (2) "in

---

[1] Dictionary of Occupational Titles.

improperly according 'great weight' to a Physical RFC (Ex. 9F) from a 'single decisionmaker' (SDM)." (Brief at 1-2).[2]  Upon careful review, the Court is unpersuaded.

**The Five Step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ determined at Step 4 that Plaintiff had the RFC to return to her past relevant work and was therefore not disabled.

**Past Relevant Work and the testimony of the Vocational Expert**

Plaintiff asserts that the finding that she could return to her past work was erroneous in that the VE and the ALJ "relied upon an incorrect DOT# for the claimant's PRW."  In response, the Commissioner does not dispute the error, but argues that it is of no moment in that the VE properly

---

[2]Although the introduction to the brief also appears to raise the issue of "whether the ALJ's determination of the claimant's credibility is not supported by substantial evidence," the brief presents no argument as to this issue, and, as such, the Court deems it abandoned.

described the duties of a magazine distributor and there is no conflict with those requirements and the RFC found by the ALJ (Doc. No. 14 at p. 11). The Court agrees with the Commissioner.

At hearing, the Vocational Expert testified that the job of magazine distributor is "239.567-010, it is light and SVP 2." (R. 45). The VE further testified that the "magazine distributor as it's usually performed is, is very simple, it doesn't require any fine motor skills." (R. 48). While it is clear that the DOT number provided was inaccurate,[3] the description of the *work* (light, SVP 2, unskilled) is accurate. Under these circumstances, the mis-designation of the correct number does not amount to reversible error.

The number designation itself does not carry any particular meaning and there is nothing to indicate that either the ALJ or the VE was confused by the number designation, or unfamiliar with the nature of the work Plaintiff performed . Indeed, Plaintiff testified with respect to that job: "I would take the magazines and when the tourists arrived at the airport I would hand out the magazines." (R. 33). Finally, even if the description provided by the VE did conflict with the DOT, in this circuit, the testimony of a VE "trumps" the descriptions in the DOT. *See Jones v. Apfel*, 190 F. 3d 1224 (11th Cir. 1999); *Peeler v. Astrue*, 2010 WL 4033988, 3 (11th Cir., Oct. 15, 2010) (unpublished) ("The ALJ did not err in relying on Dr. Feldman's testimony even if it conflicted with information in the DOT because under our precedent Dr. Feldman's testimony trumps the DOT.")

The ALJ's reliance on the testimony of the VE was in accordance with proper legal standards and was not error.

**The RFC and the weight of opinions**

Plaintiff next contends that the ALJ improperly accorded great weight to the opinion of a "single decisionmaker" and, therefore, the determination of Plaintiff's RFC is not supported by substantial evidence.

---

[3]The correct designation is 230.687-010.

>Plaintiff's argument is technical, to wit:
>
>The ALJ improperly accorded "great weight" to a Physical RFC, Form SSA-4734-BK at Ex. 9F (R. 325-332), which exhibit was prepared by Malcia Clendinen, a "single decisionmaker" or SDM. (R. 16; 332) However, Ms. Clendinen is not a qualified Medical Consultant (MC) or Psychological Consultant (PC) for the purpose of rendering medical opinions, as required by the Social Security Administration's POMS DI 26510.089.[footnote omitted] Pursuant to this instruction, an MC or PC signature is required on the Form SSA-4734-BK unless the disability examiner (DE) is an SDM; however, an SDM may only sign the RFC form in Title II and Title XVI *initial adult claims*, not on appealed claims. RFC forms completed by an SDM "are not opinion evidence at the appeal levels" pursuant to POMS DI 24510.050.

(Doc. No. 13 at p.10-emphasis original).

Translated, Plaintiff contends that the ALJ acted contrary to the requirements of the Social Security Administration's Program Operations Manual System ("POMS") instruction, by giving great weight to the opinion of a non-physician. According to the Commissioner, the POMS provides internal agency guidance used by agency employees in the processing of claims for social security benefits. *See* https://secure.ssa.gov/apps10/poms.nsf/Home?readform. As acknowledged by Plaintiff, the POMS "is not intended to, does not, and may not be relied upon to create any rights enforceable at law by any party in a civil or criminal action." *Id.* Nonetheless, Plaintiff contends that the POMS "incorporated pertinent statutes and regulations" and giving great weight to evidence that was not supposed to have been considered at that stage "should require the claim to be remanded to determine whether the absence of such evidence from consideration would materially affect the ALJ's determination." (Doc. No. 13 at p. 12). This contention is without merit.

Initially, as acknowledged by Plaintiff, the POMS is a manual for internal guidance and is not an independent substitute for controlling law or regulation. As our sister division has recognized, "POMS does not have the force of law.*" Wells v. Michael J. Astrue*, 2010 WL 3894788, 4 (M.D. Fla. 2010), *citing Schweiker v. Hansen*, 450 U.S. 785, 789, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (claims manual of the SSA is not a regulation and has no legal, binding force). Even assuming, without deciding, that the ALJ should not have considered this evidence, that does not necessarily warrant

reversal or remand. As set forth above, the standard on review is whether the determination is supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, *even if the proof preponderates against it." Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (emphasis added). Thus, if substantial evidence other than the opinion of the non-physician supports the determination, the Court must affirm. Upon review, the Court finds such to be the case.

As set forth in great detail in the ALJ's determination (R. 16-21), the evidence of record readily supports a conclusion that Plaintiff is not disabled. Treatment notes have revealed no serious deficits in standing, walking, sitting, or in the ability to engage in fine and gross manipulation, and no treating physician has found Plaintiff to be debilitated to the point of being unable to perform light work (R. 16). These findings are supported by the objective findings and the opinion from Dr. Razack, Plaintiff's treating neurosurgeon (R. 296-97, 313). Dr. Razack concluded that Plaintiff was temporarily disabled from the date of her accident (December of 2005) until February of 2006, when she was able to return to light duty work (R. 313). Dr. Razack indicated work-related limitations of lifting no more than 25 pounds, and no bending, twisting or climbing ladders (R. 296), and these limitations are consistent with the ALJ's RFC findings (R. 16). The RFC is also supported by treatment notes from Plaintiff's family practitioner (R. 225-241 - noting benign hypertension and asymptomatic fibromyalgia). Moreover, as the ALJ noted, no examining or reviewing consultant has concluded that Plaintiff is unable to sustain light work. Dr. Hate, an examining physician, noted normal gait, negative straight leg raises, no spinal spasms, and normal strength throughout the entire body (R. 320-21). And while Plaintiff objects to the opinion of Malcia Clendinen, the non-physician who determined that Plaintiff could perform light work, the record also includes the opinion of Dr. Le, a state agency physician (R. 347-54), who also opined that Plaintiff could perform light work. Viewed thus, Ms. Clendinen's opinion is, at best, cumulative.

As is clear, the determination of the RFC is well supported by substantial, indeed uncontradicted, evidence and is therefore due to be affirmed.

## Conclusion

For the foregoing reasons, the Court finds that the decision of the Commissioner is supported by substantial evidence and was made in accordance with proper standards of law. As such, it is **respectfully recommended** that it be **AFFIRMED.** If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy